**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
**BUFFALO DIVISION**

| | |
|---|---|
| ANDREW HARTLEY, ) | **Case No.  1:26-cv-1612** |
| ) | |
| *Plaintiff,* ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | |
| THERMO FISHER SCIENTIFIC INC., ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

Plaintiff Andrew Hartley ("Dr. Hartley," or "Andrew Hartley"), by and through his attorneys, hereby states his Complaint and Jury Demand against Defendant Thermo Fisher Scientific Inc. ("Thermo Fisher") as follows:

## INTRODUCTION

1. Andrew Hartley is a statistical science director at Thermo Fisher Scientific. He is also a devout Christian, and his employer has unlawfully forced him to compromise his religious values in order to receive the full benefits of his employment.

2. This is an action for declaratory, injunctive, and monetary relief to redress Thermo Fisher's unlawful discrimination against Dr. Hartley on the basis of his religion, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*

3. Dr. Hartley has been subjected to persistent discrimination and denial of reasonable accommodations due to his religion.

4. Dr. Hartley sincerely holds the belief that investing his money in fossil fuels is morally wrong and in violation of his religious convictions.

5. Dr. Hartley believes his Christian faith commands him to care for and steward

1

the earth, and that actively investing in and profiting from fossil fuel companies whose work directly harms the earth and its inhabitants violates his religious obligations.

6. Because each of Thermo Fisher's current equity-based retirement plan options maintains significant investments in fossil-fuel companies, Dr. Hartley is forced to either compromise his religious beliefs or forego a significant component of his employer-provided benefit.

7. To remedy this conflict, Dr. Hartley requested that his employer provide him with an accommodation that would allow him to partake of the benefits of his 401(k) plan in a manner consistent with his faith.

8. Specifically, Dr. Hartley requested that a fossil-fuel-free investment option be made available in his employer's 401(k) plan menu. He provided Thermo Fisher with a list of several funds that are frequently available on 401(k) menus and that are consistent with his beliefs, and asked that the company make one of them (or a similar fund of the company's choosing) available on the 401(k) plan menu.

9. Thermo Fisher acknowledged receipt of Dr. Hartley's accommodation request but, despite multiple attempts to follow up and initiate negotiations, Thermo Fisher has failed to offer any accommodation or reason why such accommodation cannot be provided.

10. Dr. Hartley seeks to compel Thermo Fisher to cease its unlawful discriminatory practices, implement effective policies to prevent religious discrimination, provide reasonable accommodations as required by law, and compensate him for the damages he has suffered as a result of Thermo Fisher's actions.

**PARTIES**

11. Plaintiff Dr. Andrew Hartley is a current Thermo Fisher employee. He resides in East Aurora, New York.

12. Defendant Thermo Fisher Scientific Inc. is a domestic business corporation organized pursuant to the laws of the State of Delaware with its principial place of business at

2

168 Third Avenue, Waltham, Massachusetts 02451.

**JURISDICTION AND VENUE**

13.    This Court has subject matter jurisdiction for the federal law claim under 28 U.S.C. §§ 1331 and 1343 because this action arises under the laws of the United States. This Court also has supplemental jurisdiction for the state law claim under 28 U.S.C. § 1367 because that claim is substantially related to the federal law claim.

14.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because, among other things, Dr. Hartley resides and works for Thermo Fisher in this District, and the acts and omissions giving rise to this Complaint occurred within this District.

**STATEMENT OF FACTS**

15.    Dr. Hartley is a Statistical Science Director employed by Defendant Thermo Fisher Scientific Inc. ("Thermo Fisher").

16.    Dr. Hartley is provided with a 401(k) retirement plan as part of the terms and conditions of his employment, and Thermo Fisher matches 6% of eligible contributions, excluding catch-up contributions, to his 401(k).

17.    Dr. Hartley is a devout Christian whose faith guides his actions, including with respect to investments.

18.    Dr. Hartley believes that his faith calls him to take actions to care for and steward the earth, and that such obligations discourage him from investing in and profiting from fossil fuels.[1]

19.    Dr. Hartley believes that investing his retirement money in ecologically and socially destructive fossil fuel companies violates his religious beliefs, including his belief that it is deeply immoral to personally profit from and hold an ownership stake in the fossil fuel companies that are contributing to the climate crisis.

---

[1] Among the biblical passages to which Dr. Hartley cites in support of his belief: Genesis 1:26, 28; 2:15; 9:8–15; Leviticus 25:23; 2 Chronicles 36:21.

3

20. The Intergovernmental Panel on Climate Change (IPCC) has found that emissions from fossil fuels are the dominant cause of global warming. Average global temperature has already increased by 1°C, and global temperatures passed the critical 1.5°C milestone for the first time in 2024. Climate change is already causing substantial harm to both humans and the environment, and as climate change worsens, so too do risks of further sea level rise, extreme weather, biodiversity loss, and food scarcity, among other harms. This has profound consequences for the health and poverty for millions of people worldwide.

21. Accordingly, Dr. Hartley finds it morally abhorrent to tie his financial security to fossil fuel companies whose work directly harms the earth and its inhabitants.

22. Dr. Hartley makes an earnest effort to live his life in accordance with his beliefs. His personal habits include maintaining a plant-based diet, replacing almost all automobile miles with bicycle miles, making banking and investment choices to avoid funding fossil fuel companies, and donating a significant portion of his income to environmental causes.

23. Dr. Hartley is a committed Christian and an active member of the United Methodist Church, and his faith and his commitment to environmental stewardship are intertwined. For example, Dr. Hartley cofounded and chairs the Elma Creation Care Community and the Upper New York Annual Conference's Creation Justice Team. He is also a contributing member of the United Methodist Creation Justice Ministries Advocacy Team, Aurorans for Climate and Environmental Sense, and Citizens' Climate Lobby.

24. None of the equity investment options available through his 401(k) plan allow Dr. Hartley to invest for retirement (and partake fully of the benefits he earned as a Thermo Fisher employee) without compromising his deeply held religious values and beliefs. As a result, he is forced to choose between compromising his values and compromising the security of his retirement.

25. Multiple equity investment options exist that allow retirement savers to invest for their futures without simultaneously investing in fossil fuel companies. These are

4

competitively priced and are frequently made available to 401(k) participants as investment options.

26.    In a letter sent on or about October 21, 2024, to Thermo Fisher's human resources department, Dr. Hartley submitted his initial request for a religious accommodation. Specifically, he requested the addition of a fossil-fuel-free investment option to the menu of 401(k) funds available to Thermo Fisher employees.

27.    On October 25, 2024, Thermo Fisher's Accommodations Team responded, saying Dr. Hartley's request "does not meet the criteria for a religious accommodation" and asking him whether he was ready to "close" his case (that is, to drop his request). In the same reply, Thermo Fisher told Dr. Hartley that, although the company would not be providing the accommodation, his request would be forwarded to the company's Investment Committee for its awareness.

28.    On October 28, 2024, Dr. Hartley replied. He declined to "close" his case and restated his legal right to this religious accommodation.

29.    On November 6, 2024, the Accommodations Team replied, informing Dr. Hartley that the Investment Committee would be in touch regarding his request.

30.    On December 16, 2024, after not hearing from the Investment Committee for over a month, Dr. Hartley emailed the Accommodations Team for an update.

31.    On December 17, 2024, the Accommodations Team replied, explaining that they were in the process of identifying the members of the Investment Committee to provide an update.

32.    In that same email, the Accommodations Team also asked Dr. Hartley for a letter providing the legal basis for his request, which it misunderstood to fall under the Americans with Disabilities Act (ADA), as well as a list of suitable investment options. The email concluded that the Accommodations Team "will then forward [the letter] to our legal counsel for review."

33.    On January 2, 2025, Dr. Hartley emailed Thermo Fisher a letter providing the legal basis for his request for religious accommodation under Title VII. This letter also included multiple examples of 401(k) menu options that would satisfy Dr. Hartley's request.

34.    Despite sending follow-up emails on February 18, April 14, and November 3, 2025, Dr. Hartley never received a response from Thermo Fisher after their December 17, 2024 email.

35.    After attempting in good faith for over a year to reach an amicable resolution with his employer, Dr. Hartley made one final attempt to engage Thermo Fisher on this issue.

36.    On November 3, 2025, Dr. Hartley sent a letter asking for a response to his religious accommodation request and informing Thermo Fisher that he intended to file a formal complaint if the company failed to either provide an accommodation or engage in constructive conversation about such accommodation within 30 days. Thermo Fisher neither responded to nor acknowledged receipt of Dr. Hartley's letter.

37.    On December 19, 2025, Dr. Hartley filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) against Thermo Fisher, stating that he was discriminated against because of his religion.

38.    On July 29, 2026, the EEOC issued a Notice of Right to Sue.

39.    Thermo Fisher discriminated against Dr. Hartley by failing to make reasonable accommodations. Because of Thermo Fisher's ongoing failure to provide adequate accommodation, Dr. Hartley has suffered a variety of harms. These include dignitary, emotional, and financial harm. For example, to avoid funding destructive fossil fuel companies, he cannot maintain retirement savings in his employer-sponsored 401(k) plan, so Dr. Hartley is forced to invest on his own, incurring higher fees than those available to participants in employer-sponsored plans and foregoing monitoring and recordkeeping services provided to plan participants.

**CONDITION PRECEDENT**

40.     Pursuant to the requirements of 42 U.S.C. § 2000e-5, Dr. Hartley filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Buffalo Local Office, on December 19, 2025.

41.     The EEOC issued a Notice of Right to Sue on July 29, 2026.

42.     This Complaint is timely in that it was filed within ninety (90) days of the issuance of the Notice of the Right to Sue.

**CAUSES OF ACTION**

**CLAIM I: Religious Discrimination Based on Failure to Accommodate in Violation of Title VII**

43.     Dr. Hartley repeats, reiterates, and re-alleges each and every allegation set forth above as if set forth more fully and at length herein.

44.     Defendant Thermo Fisher's failure to provide the accommodation sought (a retirement fund option that allows Dr. Hartley to invest in a manner consistent with his religious beliefs) violates Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*

45.     Title VII bars an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1).

46.     Title VII defines religion to include "all aspects of religious observance and practice, as well as belief," and requires an employer to accommodate its employees' religious beliefs "unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

47.     In *Groff v. DeJoy*, the Supreme Court unanimously held that the statutory language "undue hardship" means that employers must provide religious accommodations

7

unless doing so would impose "substantial increased costs" on the employer. 600 U.S. 447, 470 (2023).

48. There are numerous low-fee, fossil fuel-screened equity investment options on the market that could be readily added to the menu of plan options provided to Thermo Fisher employees.

49. Indeed, many employers already offer such funds to their 401(k) plan participants.

50. Adding such a fund to Thermo Fisher's menu would be neither difficult nor expensive.

51. Accordingly, accommodating Dr. Hartley's needs is not a substantial burden, and he is legally entitled to have his request accommodated under Title VII.

52. Thermo Fisher discriminated against Dr. Hartley through its policies, practices, or procedures by failing to make reasonable accommodations.

### CLAIM II: Religious Discrimination in Violation of Title VII

53. Dr. Hartley repeats, reiterates, and re-alleges each and every allegation set forth above as if set forth more fully and at length herein.

54. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, prohibits religious discrimination in the workplace.

55. Defendant Thermo Fisher's actions (including refusals to act) caused a significantly adverse and disproportionate impact on Dr. Hartley based on his religion as set forth above.

56. Defendant Thermo Fisher refuses to offer fossil-free retirement options within its 401(k) plan.

57. Unlike his peers who do not share his religious beliefs, Dr. Hartley is forced to compromise his deeply held values in order to participate in his 401(k) plan.

58. As a direct and proximate result of Defendant Thermo Fisher's acts as described

above, Dr. Hartley suffered harm.

**CLAIM III: Religious Discrimination in Violation of New York State Human Rights Law**

59.    Dr. Hartley repeats, reiterates, and re-alleges each and every allegation set forth above as if set forth more fully and at length herein.

60.    At all times relevant to this action, New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, has been in full force and effect and has applied to Thermo Fisher's conduct.

61.    Section 296.1(a) of the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, prohibits religious discrimination in employment. Thermo Fisher was Dr. Hartley's employer within the meaning of those laws.

62.    Dr. Hartley deserved to retain his employment free of religious discrimination from Thermo Fisher and did not do anything to merit denial of reasonable accommodations. Nevertheless, Thermo Fisher denied Dr. Hartley's request and in so doing denied him the ability to partake of the full benefits of his employment without compromising his deeply held religious values and beliefs.

63.    As a direct and proximate result of Defendant Thermo Fisher's discriminatory conduct, Dr. Hartley suffered inferior terms, conditions, and privileges of employment. Dr. Hartley was caused to suffer adverse harm, including financial harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

64.    Issue a declaratory judgment that Thermo Fisher violated Title VII of the Civil Rights Act and the NYSHRL.

65.    Issue an injunction ordering Thermo Fisher to:

> i.    Provide Dr. Hartley with a fossil-fuel-free equity investment option in Thermo Fisher's 401(k) plan menu that would allow Dr. Hartley to

9

partake of the benefits of his 401(k) plan in a manner consistent with his faith; and

    ii.   Engage in a good faith interactive process with Dr. Hartley to determine and implement appropriate accommodations in the future.

66.    Award to Plaintiff:

    i.   Compensatory damages;

    ii.   Reasonable costs and attorney's fees;

    iii.   Interest on all amounts at the highest rates and earliest dates allowed by law; and

    iv.   Any and all other relief that this Court deems just and appropriate.

## **JURY DEMAND**

67.    Trial by jury is demanded for all causes of action so triable.

DATED this 4th day of August, 2026

/s/ Kathleen Konopka
Kathleen Konopka, NYSBA No. 5531538
CLIENTEARTH USA, INC.
501 Santa Monica Blvd., Suite 510
Santa Monica, CA 90401
Tel.: (310) 361-7006
kkonopka@clientearth.org

*Attorneys for Plaintiff*

10