**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

ANDREW HARTLEY,

Plaintiff,

-against-

THERMO FISHER SCIENTIFIC INC.,

Defendant.

------------------------------------------------------------x

26 Civ. 1612 (JLS)

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

JACKSON LEWIS P.C.
666 Third Avenue, 28th Floor
New York, NY 10017
(212) 545-4000

Leo T. Ernst, Esq.
Dana G. Weisbrod, Esq.

*Attorneys for Defendant*

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..... 3

A. Factual Background ..... 3

1. Plaintiff's Religious Beliefs and Investment Preferences ..... 3

2. Plaintiff's Accommodation Request Is Denied ..... 3

3. Further Correspondence with Defendant ..... 4

B. Procedural History ..... 5

STANDARD OF REVIEW ..... 6

ARGUMENT ..... 7

POINT I ..... 7

PLAINTIFF FAILS TO STATE A CLAIM UNDER TITLE VII (CLAIM I AND CLAIM II) ..... 7

A. Plaintiff's Title VII Claims (Claim I and Claim II) Are Time-Barred ..... 7

B. Plaintiff Fails to State a Claim Based Upon the Denial of His Accommodation Request (Claim I) ..... 10

1. Plaintiff Did Not Request a Reasonable Accommodation To Eliminate a Conflict Between His Religion and An Employment Requirement. ..... 10

2. Plaintiff Did Not Suffer An Adverse Employment Action ..... 12

C. Plaintiff Fails to State a Title VII Claim Based Upon Disparate Treatment (Claim II) ..... 16

POINT II ..... 19

PLAINTIFF FAILS TO STATE A CLAIM UNDER THE NYSHRL (CLAIM III) ..... 19

CONCLUSION ..... 20

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

Ahmad v. N.Y.C. Health & Hosps. Corp.
2021 U.S. Dist. LEXIS 62986 (S.D.N.Y. 2021) .......... 15-16

AMTRAK v. Morgan
536 U.S. 101 (2002) .......... 7, 9

Ansonia Bd. of Educ. v. Philbrook
479 U.S. 60 (1986) .......... 11

Ashcroft v. Iqbal
556 U.S. 662 (2009) .......... 6

Augustus v. Brookdale Hosp. Med. Ctr.
2015 U.S. Dist. LEXIS 128495 (E.D.N.Y. 2015) .......... 11

Baker v. The Home Depot
445 F.3d 541 (2d Cir. 2006) .......... 10

Bell Atl. Corp. v. Twombly
550 U.S. 544 (2007) .......... 6

Bergin v. N.Y. State Unified Court Sys.
2026 U.S. App. LEXIS 28171 (2d Cir. 2026) .......... 12, 14-17

Bowles v. N.Y. City Transit Auth.
285 F. App'x 812 (2d Cir. 2008) .......... 15-16

Bowlin v. Bd. of Directors, Judah Christian Sch.
167 F.4th 469 (7th Cir. 2026) .......... 11

Cangro v. N.Y.C. Dep't of Fin.
183 F.4th 149 (2d Cir. 2026) .......... 13

Caspersen v. W. Union, LLC
2023 U.S. Dist. LEXIS 182303 (D. Colo. 2023) .......... 14

Conde v. Mid Hudson Reg'l Hosp. Med. Ctr.
2024 U.S. Dist. LEXIS 8658 (S.D.N.Y. 2024) .......... 19

Cosme v. Henderson
287 F.3d 152 (2d Cir. 2002) .......... 10

Del. State Coll. v. Ricks
449 U.S. 250 (1980) .......... 8-9

Doe v. Avon Old Farms Sch., Inc.
2023 U.S. Dist. LEXIS 56152 (D. Conn. 2023) ....................18

Edwards v. Elmhurst Hosp. Ctr.
2013 U.S. Dist. LEXIS 31083 (E.D.N.Y. Feb. 15, 2013).................... 15-16

EEOC v. Abercrombie & Fitch Stores, Inc.
575 U.S. 768 (2015).................... 14, 16-17

Elmenayer v. ABF Freight Sys., Inc.
318 F.3d 130 (2d Cir. 2003).................... 8-9

Fort Bend Cnty., Texas v. Davis
587 U.S. 541 (2019)....................7

Jackson v. Amazon.com, Inc.
2026 U.S. App. LEXIS 7747 (2d Cir. 2026) ....................10

Joseph v. N.Y.C. Bd. of Educ.
171 F.3d 87 (2d Cir. 1999)....................9

Kauffman v. N.Y. Presbyterian Hosp.
762 F. Supp. 3d 309 (S.D.N.Y. 2024).................... 15-16

Lenzi v. Systemax, Inc.
944 F.3d 97 (2d Cir. 2019)....................19

Muldrow v. City of St. Louis
601 U.S. 346 (2024).................... 16-17

Parks v. N.Y.C. Dep't of Corr.
253 F. App'x 141 (2d Cir. 2007) ....................7

Privler v. CSX Transp., Inc.
2021 U.S. Dist. LEXIS 152527 (N.D.N.Y. 2021) ....................14

Raytheon Co. v. Hernandez
540 U.S. 44 (2003)....................13

Ricci v. DeStefano
557 U.S. 557 (2009)....................18

Shaw v. McDonald
715 F. App'x 60 (2d Cir. 2018)....................16, 18

Siegel v. HSBC N. Am. Holdings, Inc.
933 F.3d 217 (2d Cir. 2019)....................6

Smith v. Johnson
636 F. App'x 34 (2d Cir. 2016)........................................................................................8

Washington v. CT Scoop Shops LLC
2022 U.S. Dist. LEXIS 40410 (D. Conn. 2022) ......................................................11

Weber v. City of N.Y.
973 F. Supp. 2d 227 (E.D.N.Y. 2013) ....................................................................12

**Statutes**

Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. ............................ 13-14, 16

New York State Human Rights Law, N.Y. Exec. L. §§ 290, et seq. ....................................2, 5, 19

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ................................ *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................ *generally*

**Other Authorities**

EEOC Compliance Manual § 2-IV(D)(1)(d) ...................................................................10

EEOC Compliance Manual § 12-IV(A)(3)......................................................................11

**PRELIMINARY STATEMENT**

Defendant Thermo Fisher Scientific Inc. ("Defendant") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint (ECF No. 1) in its entirety, with prejudice. All three causes of action stem from Defendant's decision not to alter its 401(k) plan's investment lineup at Plaintiff's request for a purported religious accommodation. However, the federal claims are untimely and the Complaint does not state a viable claim for religious discrimination because Plaintiff did not request an accommodation to ameliorate a conflict with an employment requirement, and there are no allegations that Defendant treated Plaintiff or any employee differently on account of religion. Each cause of action suffers from one or more fatal defects.

First, Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII") (Claims I and II) are barred by Title VII's 300-day charge-filing period. Plaintiff alleges that Defendant denied his request on October 25, 2024, and that he filed the underlying administrative charge with the United States Equal Employment Opportunity Commission ("EEOC") on December 19, 2025, 420 days later. His Title VII claims are therefore time-barred.

Second, Claim I of the Complaint does not state a plausible Title VII claim. Claim I purports to plead a religious discrimination claim based on Defendant's denial of Plaintiff's request for an accommodation; however, Title VII requires only *reasonable* accommodations, and, under Title VII, a reasonable accommodation is one that eliminates a conflict between an employment requirement and a worker's religious practice. Plaintiff's request that Defendant add a 401(k) investment option to its existing plan did not concern his ability to perform employment requirements, and thus his request did not seek to eliminate any conflict between Plaintiff's job duties and his religious beliefs. It therefore cannot constitute a reasonable accommodation request under Title VII. In addition, Claim I does not allege an adverse employment action, and fails for that independent reason.

Third, Plaintiff's disparate treatment religious discrimination claim, Claim II, does not allege any discrimination "because of" Plaintiff's religion, as required under Title VII. The Complaint alleges that "Defendant [] refuses to offer fossil-free retirement options within its 401(k) plan," but fails to state a disparate treatment claim because there is no allegation that Defendant's 401(k) plan discriminates against anyone *because of* religion. To the contrary, the plan offers the same retirement options to all plan beneficiaries, and thus treats all employees who subscribe to any religion or no religion exactly the same way. Nor does Claim II allege an adverse employment action, which is independently fatal.

Fourth, Plaintiff's New York State Human Rights Law ("NYSHRL") claim fails for the same reasons as the Title VII claim: the Complaint does not allege a qualifying accommodation request, an adverse action, or any discrimination because of religion.

The Complaint should be dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A. Factual Background

#### 1. Plaintiff's Religious Beliefs and Investment Preferences

Plaintiff is a Statistical Science Director currently employed by Defendant. Complaint ¶ 15. Plaintiff alleges he is a practicing Christian, and that investing his retirement money in funds that include companies that profit from fossil fuels is inconsistent with his religious beliefs. Id. ¶¶ 17-19, 21, 23.

As a component of Plaintiff's employment with Defendant, he is provided with the opportunity to enroll in a 401(k) retirement plan, in accordance with which Defendant "matches 6% of eligible contributions[.]" Complaint ¶ 16. Plaintiff alleges that "each of [Defendant]'s current equity-based retirement plan options maintains significant investments in fossil-fuel companies." Id. ¶ 6. Plaintiff claims that "[m]ultiple equity investment options exist that allow retirement savers to invest for their futures without simultaneously investing in fossil fuel companies." Id. ¶ 25.

The Complaint does not allege that Defendant's 401(k) plan applies differently to employees based on religion, or that Defendant treated Plaintiff differently than any other employee because of his religion. The Complaint does not allege that Plaintiff was terminated, demoted, suspended, disciplined, or subjected to any change in his job duties, title, or compensation. It also does not allege any conflict between Plaintiff's employment requirements and his religious beliefs or practice.

#### 2. Plaintiff's Accommodation Request Is Denied

[1] The facts alleged in the Complaint are accepted as true solely for the purpose of this motion to dismiss. Should the motion be denied, Defendant reserves the right to contest such allegations in its answer.

On October 21, 2024, Plaintiff sent a letter to Defendant's human resources department ("HR") requesting "the addition of a fossil-fuel-free investment option to the menu of 401(k) funds available to [Defendant's] employees." Complaint ¶ 26. On October 25, 2024—four days later—Defendant's Accommodations Team replied to Plaintiff and denied his request on the grounds that it "d[id] not meet the criteria for a religious accommodation[,]" and asked whether Plaintiff was ready to "'close' his case[.]" Id. ¶ 27. "In the same reply, [Defendant] told [Plaintiff] that, although the company would not be providing the accommodation, his request would be forwarded to the company's Investment Committee for its awareness." Id.

### 3. Further Correspondence with Defendant

The Complaint alleges that, at certain points from October 28, 2024 to November 3, 2025, Plaintiff effectively sought collateral review from Defendant of the initial denial of his request. On October 28, 2024, Plaintiff replied to the Accommodations Team and "declined to 'close' his case." Complaint ¶ 28. On November 6, 2024, the Accommodations Team informed Plaintiff that the Investment Committee "would be in touch regarding his request." Id. ¶ 29. On December 16, 2024, Plaintiff requested an update. Id. ¶ 30. On December 17, 2024, the Accommodations Team replied, stating that it was in the process of identifying the members of the Investment Committee to provide an update, and asking Plaintiff to provide a letter stating the legal basis supporting his request and a list of suitable investment options to provide to the Investment Committee. Id. ¶¶ 31-32.

On January 2, 2025, Plaintiff emailed a letter providing the purported legal basis for his request under Title VII and examples of "401(k) menu options" that would be suitable to Plaintiff. Complaint ¶ 33. Plaintiff alleges he sent follow-up emails on February 18, 2025; April 14, 2025; and November 3, 2025, and did not receive a response. Id. ¶ 34. On November 3, 2025, Plaintiff sent another letter and threatened to bring a lawsuit. Id. ¶ 36. Plaintiff alleges he did not receive

a response to this letter. Id. The Complaint does not allege that Defendant ever reconsidered its October 25, 2024 denial of Plaintiff's request for fossil-fuel-free investment options.

**B. Procedural History**

On or about December 19, 2025, Plaintiff filed a charge of discrimination with the EEOC. Complaint ¶ 37. The charge alleged that Defendant discriminated against him because of his religion. Id. On July 29, 2026, the EEOC issued a Notice of Right to Sue. Id. ¶ 38.

On August 4, 2026, Plaintiff filed the Complaint. ECF No. 1. The Complaint asserts three religious discrimination claims: (1) failure to accommodate under Title VII, (2) disparate treatment under Title VII, and (3) failure to accommodate under the NYSHRL. Complaint ¶¶ 43-63. Defendant moves to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Siegel v. HSBC N. Am. Holdings, Inc., 933 F.3d 217, 222 (2d Cir. 2019).[2] However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). To survive dismissal, a complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[L]abels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do"; rather, well-pleaded allegations must "nudge[] the[] claims across the line from conceivable to plausible[.]" Twombly, 550 U.S. at 555, 570.

[2] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

# ARGUMENT

## POINT I

## PLAINTIFF FAILS TO STATE A CLAIM UNDER TITLE VII (CLAIM I AND CLAIM II)

Plaintiff's Title VII religious discrimination claims, Claim I and Claim II, should be dismissed for multiple, independent reasons.

First, both Claim I and Claim II are time-barred because Plaintiff did not file an EEOC charge within 300 days of Defendant's denial of his accommodation request.

Second, both Claim I and Claim II fail to state cognizable Title VII claims. Claim I, based on Defendant's alleged failure to accommodate Plaintiff's request for a fossil-fuel-free investment option, fails to state a Title VII claim because Plaintiff's accommodation request did not seek to eliminate any conflict between the employment requirements of his role and his religious beliefs. Further, Plaintiff does not allege that Defendant took an adverse action against him in response to his request. Claim II, based on alleged disparate treatment religious discrimination, fails to state a claim under Title VII because the Complaint is devoid of any allegation that Defendant treated Plaintiff less favorably than any other employee because of religion. The Complaint also does not allege that Plaintiff suffered an adverse action. Plaintiff's Title VII claims should be dismissed.

### A. Plaintiff's Title VII Claims (Claim I and Claim II) Are Time-Barred

Because New York has a "fair employment agency of its own empowered 'to grant or seek relief,'" a Title VII plaintiff "has 300 days following the challenged practice . . . to file a charge with the EEOC." Fort Bend Cnty., Texas v. Davis, 587 U.S. 541, 544 (2019) (citing 42 U.S.C. §§ 2000e-5(c), 2000e-5(e)(1)); accord Parks v. N.Y.C. Dep't of Corr., 253 F. App'x 141, 143 (2d Cir. 2007) (summary order). Title VII "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." AMTRAK v. Morgan, 536 U.S. 101, 105

(2002). "[A]n employer's rejection of an employee's proposed accommodation for religious practices . . . is the sort of 'discrete act' that must be the subject of a complaint to the EEOC within 300 days." Elmenayer v. ABF Freight Sys., Inc., 318 F.3d 130, 134-35 (2d Cir. 2003). Any rejection of a reasonable accommodation request that is outside the 300-day period is "properly rejected as time-barred." Id. at 135.

The 300-day charge-filing period begins to run on the date that the challenged adverse employment decision is "made and communicated to [plaintiff]." Del. State Coll. v. Ricks, 449 U.S. 250, 258 (1980). Where, as here, the challenged decision is the denial of an accommodation request, the charge-filing period runs from the date the denial of the accommodation is communicated to the employee. See, e.g., Smith v. Johnson, 636 F. App'x 34, 36 (2d Cir. 2016) (Title VII claim time-barred because rejection of the accommodation occurred more than 300 days prior to the filing of the EEOC charge) (summary order).

Here, the only action challenged by Plaintiff is Defendant's decision to deny his request that a fossil-fuel-free investment option be added to the 401(k) plan. Defendant denied Plaintiff's request on October 25, 2024, when Defendant told Plaintiff that his request "d[id] not meet the criteria for a religious accommodation" and "the company would not be providing the accommodation[.]" Complaint ¶ 27. Therefore, Plaintiff had 300 days—until August 21, 2025—to file an EEOC charge. Plaintiff filed the EEOC charge on December 19, 2025 (id. ¶ 37), nearly four months after the charge-filing period expired. Accordingly, Plaintiff's Title VII claims are untimely.

The Complaint's allegations of the consequences of the October 25, 2024 refusal—such as Plaintiff's alleged inability to invest in an employer-sponsored 401(k) plan—are not new discrete acts that re-start Title VII's 300-day charge-filing period. As in Ricks, "the filing limitations

period[ in this case] therefore commenced [] at the time the [denial of the requested accommodation] decision was made and communicated to [plaintiff]. That is so even though one of the *effects* of the denial of [the accommodation] . . . did not occur until later." Ricks, 449 U.S. at 258. Thus, "[a]lthough the *effect* of the [Defendant's] rejection continues to be felt by the [Plaintiff] for as long as he remains employed, that continued effect is similar to the continued effect of being denied a promotion or denied a transfer, denials that Morgan offered as examples of a discrete act." Elmenayer, 318 F.3d at 135 (citing Morgan, 536 U.S. at 114) (emphasis in original). It is "properly rejected as time-barred." Id.; see also Elmenayer, 318 F.3d at 135 ("[t]he rejection of a proposed accommodation is a single completed action when taken" and "is the sort of 'discrete act' that must be the subject of a complaint to the EEOC within 300 days").

Plaintiff's alleged continued efforts to reverse Defendant's denial of his accommodation request likewise do not restart the 300-day charge-filing period. Ricks squarely forecloses any argument otherwise. In Ricks, subsequent to defendant notifying plaintiff of its decision to deny him tenure, plaintiff filed a grievance with a grievance committee, and even though the employer "indicated a willingness to change its prior decision if Ricks' grievance were found to be meritorious," the Supreme Court ruled that "the pendency of a grievance or some other method of collateral review of an employment decision, does not toll the running of the limitations period." Ricks, 449 U.S. at 261.

The Second Circuit has followed Ricks and declined to restart Title VII's charge-filing period where a plaintiff appeals or otherwise contests an employer's decision. This is because the "discriminatory action took place when the [challenged] decision was made, not when collateral reviews became final." Joseph v. N.Y.C. Bd. of Educ., 171 F.3d 87, 90 (2d Cir. 1999). The EEOC agrees: "Merely utilizing an alternative forum, such as mediation, a negotiated grievance process,

or an internal complaint procedure, does not extend the period for filing a charge." EEOC Compliance Manual § 2-IV(D)(1)(d), available at https://www.eeoc.gov/laws/guidance/section-2-threshold-issues (last visited October 13, 2026).

So too here: the Complaint's allegations of Plaintiff's attempt to reverse Defendant's decision to deny his request for changes to its 401(k) plan—including, by way of example, the letter Plaintiff sent on January 2, 2025 which merely stated the purported legal basis for the previously denied request (Complaint ¶ 33)—did not restart Title VII's 300-day charge-filing period. Plaintiff's Title VII claims are time-barred.

**B. Plaintiff Fails to State a Claim Based Upon the Denial of His Accommodation Request (Claim I)**

Claim I purports to assert a religious discrimination claim based on the denial of Plaintiff's accommodation request. The claim should be dismissed because Plaintiff does not allege that granting his accommodation request would have eliminated any conflict between an employment requirement and his religious beliefs. Plaintiff also fails to allege any adverse employment action.

**1. Plaintiff Did Not Request a Reasonable Accommodation To Eliminate a Conflict Between His Religion and An Employment Requirement.**

Title VII makes it unlawful "for an employer not to make reasonable accommodations, short of undue hardship, for the religious practices of his employees[.]" Jackson v. Amazon.com, Inc., No. 25-72, 2026 U.S. App. LEXIS 7747, at *3 (2d Cir. Mar. 17, 2026) (summary order) (quoting Baker v. The Home Depot, 445 F.3d 541, 546 (2d Cir. 2006)); accord 42 U.S.C. §§ 2000e(j), 2000e-2(a)(1). A requested accommodation for Title VII purposes must be "reasonabl[e]" (42 U.S.C. § 2000e(j)), and courts and the EEOC have interpreted this to mean that an employer must offer an employee a reasonable accommodation when "an employee has a genuine religious practice that conflicts with a requirement of employment[.]" Cosme v.

Henderson, 287 F.3d 152, 158 (2d Cir. 2002); see also Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60, 68-70 (1986) (noting that Title VII's reasonable accommodation provision "eliminates the conflict between employment requirements and religious practices" such as "by allowing the individual to observe fully religious holy days"); Bowlin v. Bd. of Directors, Judah Christian Sch., 167 F.4th 469, 475 (7th Cir. 2026) ("A reasonable accommodation is thus one that eliminates the conflict between employment requirements and religious practices."); EEOC Compliance Manual § 12-IV(A)(3) (explaining that a Title VII religious accommodation is one that "eliminates the conflict between religion and work, provided that eliminating the conflict would not impose an undue hardship"), available at https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination (last visited October 13, 2026).

The Complaint identifies no employment requirement that conflicted with Plaintiff's request for fossil-fuel-free investment options. Nothing about the request would resolve any conflict between Plaintiff's religious belief and any employment requirement, such as a work duty, schedule, dress code, or other job requirement. The Complaint alleges instead that Plaintiff objects to the investment options offered under the plan and seeks a new option. That is a request for a plan-design change, not an adjustment to a work rule that would enable him to perform his job. It thus cannot be characterized as a request for a reasonable accommodation under Title VII. See Augustus v. Brookdale Hosp. Med. Ctr., No. 13 Civ. 5374 (DLI) (RML), 2015 U.S. Dist. LEXIS 128495, at *14 (E.D.N.Y. Sept. 24, 2015) (granting motion to dismiss Title VII accommodation claim because "there has been no evidence proffered that the requested religious accommodation conflicted or interfered with any of Plaintiff's actual employment requirements. . . . This request had nothing to do with, and did not affect, Plaintiff's ability to perform her duties"); Washington v. CT Scoop Shops LLC, No. 21 Civ. 276 (VLB), 2022 U.S. Dist. LEXIS 40410, at *14-17 (D.

Conn. Mar. 8, 2022) (same, where plaintiff requested an accommodation not to receive text messages during the Sabbath, reasoning that the requested accommodation did not implicate a conflict between a religious belief and an employment requirement because plaintiff "was not expected to read or respond to the text messages"); accord Weber v. City of N.Y., 973 F. Supp. 2d 227, 260 (E.D.N.Y. 2013) (dismissing Title VII religious accommodation claim because "Plaintiff has failed to identify any employment requirement that has conflicted with his religious beliefs or practices").

**2. Plaintiff Did Not Suffer An Adverse Employment Action**

Plaintiff's Title VII claim related to his accommodation request fails for the additional reason that Plaintiff does not allege that he faced an adverse employment action. Under the Second Circuit's recent decision in Bergin v. N.Y. State Unified Court Sys., "to state a prima facie case of failure to accommodate religious belief or practice under Title VII, a plaintiff must demonstrate (1) that she actually required an accommodation of her religious practice, and (2) that the employer's desire to avoid the actually required prospective accommodation was a motivating factor in (3) an adverse employment decision." No. 25-721 (AJN), 2026 U.S. App. LEXIS 28171, at *2-3 (2d Cir. Sept. 15, 2026).

Bergin's requirement that a plaintiff demonstrate an adverse action is wholly consistent with Title VII's text, which does not create a standalone cause of action for an alleged failure-to-accommodate claim. Its text does not define a failure to accommodate as a form of discrimination or as an unlawful practice; rather, Title VII authorizes a cause of action only for an "unlawful employment practice," which it defines as a "fail[ure] or refus[al] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion[.]" 42 U.S.C. § 2000e-2(a)(1). Title VII defines "religion" to "include[] all aspects of religious

observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). It authorizes a "person aggrieved" to file a "civil action" to challenge an "unlawful employment practice" (42 U.S.C. § 2000e-5(f)(1)), and it likewise confers jurisdiction on this Court over an aggrieved person's "civil action" about "the alleged unlawful employment practice[.]" 42 U.S.C. § 2000e-5(f)(3).

Title VII's text contrasts significantly with reasonable accommodation obligations imposed by other statutes, such as the Americans with Disabilities Act of 1990 ("ADA"). The ADA textually defines actionable discrimination as including a failure to accommodate. In particular, the ADA makes it unlawful to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). It defines "the term 'discriminate against a qualified individual on the basis of disability'" as including "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability[.]" 42 U.S.C. § 12112(b)(5)(A). Thus, under the ADA, an employer that fails to provide a reasonable accommodation for a known physical or mental limitation violates the statute.

The result is that the ADA provides several different types of actionable claims, including for (1) disparate treatment, (2) disparate impact, and (3) failure to accommodate. See Raytheon Co. v. Hernandez, 540 U.S. 44, 53 (2003) ("[b]oth disparate-treatment and disparate-impact claims are cognizable under the ADA"); Cangro v. N.Y.C. Dep't of Fin., 183 F.4th 149, 161 (2d Cir. 2026) (distinguishing between ADA disparate treatment and failure-to-accommodate claims).

Unlike the ADA, Title VII authorizes only disparate treatment and disparate impact claims and does not authorize failure-to-accommodate claims. Instead, Title VII "prohibits two categories

of employment practices" and "[t]hese two proscriptions, often referred to as the 'disparate treatment' (or 'intentional discrimination') provision and the 'disparate impact' provision, are the only causes of action under Title VII." EEOC v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768, 771 (2015) (emphasis added). Thus, "the Supreme Court in Abercrombie made clear that failure to accommodate religion is not a freestanding, independent claim under Title VII." Privler v. CSX Transp., Inc., No. 18 Civ. 1020 (BKS), 2021 U.S. Dist. LEXIS 152527, at *41 n.10 (N.D.N.Y. Aug. 13, 2021) (citing Abercrombie, 575 U.S. at 771 and 789 ("The Court today rightly puts to rest the notion that Title VII creates a freestanding religious-accommodation claim") (Thomas, J., concurring in part and dissenting in part)).

Textual differences between Title VII and the ADA reflect the differences in the types of causes of action authorized by each. Unlike the ADA, Title VII "does not impose a knowledge requirement." Abercrombie, 575 U.S. at 773 (citing 42 U.S.C. § 2000e–2(a)(1)). Rather, Title VII focuses on motives; namely, whether a plaintiff's religion was a "motivating factor" in an employment decision. 42 U.S.C. § 2000e-2(m). Thus, "the rule for disparate-treatment claims based on a failure to accommodate a religious practice is straightforward: An employer may not make an applicant's religious practice, confirmed or otherwise, a factor in employment decisions." Bergin, 2026 U.S. App. LEXIS 28171, at *14 (quoting Abercrombie, 575 U.S. at 773). Accordingly, plaintiffs must identify an adverse employment action separate and apart from the denial of the accommodation. See Caspersen v. W. Union, LLC, No. 23 Civ. 923 (NYW), 2023 U.S. Dist. LEXIS 182303, at *11 (D. Colo. Oct. 10, 2023) (requiring an adverse employment action—"i.e., something *in addition to* the failure to accommodate—to support Title VII religious-accommodation claims") (emphasis in original) (citing Abercrombie, 575 U.S. at 774).

Here, the Complaint does not allege any adverse action separate and apart from the alleged denial of accommodation. It likewise does not allege that Defendant made Plaintiff's religious practice a factor in any employment decision—that is, Plaintiff does not allege any adverse employment action. The Complaint alleges no disadvantageous employer-imposed change: Plaintiff remained eligible for the same plan, match, and uniform investment menu as other participants, and Plaintiff alleges no change to his job, compensation, plan eligibility, or plan benefits. See, e.g., Bowles v. N.Y. City Transit Auth., 285 F. App'x 812, 813 (2d Cir. 2008) (affirming dismissal of Title VII claim where plaintiff "failed to offer any evidence tending to establish that he had suffered any adverse employment action as a result of [defendant's] alleged failure to accommodate [his] religious needs in a prompt manner") (summary order); Kauffman v. N.Y. Presbyterian Hosp., 762 F. Supp. 3d 309, 317 (S.D.N.Y. 2024) (dismissing Title VII claim because "the denial of Kauffman's exemption request alone does not qualify as an adverse employment action"), adopted 762 F. Supp. 3d 309, 312 (S.D.N.Y. 2025); Ahmad v. N.Y.C. Health & Hosps. Corp., No. 20 Civ. 675 (PAE), 2021 U.S. Dist. LEXIS 62986, at *53 (S.D.N.Y. Mar. 31, 2021) ("Courts in this district and elsewhere have repeatedly held that an individual must have suffered some type of discipline or demotion—or at least the threat of discipline or demotion—in order to establish a prima facie case of religious discrimination pursuant to Title VII"); Edwards v. Elmhurst Hosp. Ctr., No. 11 Civ. 4693 (LB), 2013 U.S. Dist. LEXIS 31083, at *15 (E.D.N.Y. Feb. 15, 2013) (granting motion to dismiss Title VII claim "[b]ecause plaintiff fail[ed] to allege that defendant took any adverse employment action against him based on his religious objection to the vaccination"), adopted 2013 U.S. Dist. LEXIS 31082 (E.D.N.Y. Mar. 6, 2013); see also Bergin, 2026 U.S. App. LEXIS 28171, at *3 (prima facie showing requires "an adverse employment decision").

Plaintiff's Complaint does not allege any adverse employment action. It therefore fails to state a claim.[3]

**C. Plaintiff Fails to State a Title VII Claim Based Upon Disparate Treatment (Claim II)**

Claim II of the Complaint attempts to plead a Title VII disparate treatment claim. It fails because the Complaint does not plausibly allege—and, indeed, refutes—the elements required to plead such a claim. "For a Title VII disparate treatment claim to survive a motion to dismiss, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his . . . religion . . . was a motivating factor in the employment decision." Shaw v. McDonald, 715 F. App'x 60, 61 (2d Cir. 2018) (summary order). Claim II does not plausibly allege either element: there is no alleged adverse action, and there is no allegation that religion was a motivating factor in any employment decision.

First, as noted above, Title VII enumerates actionable discriminatory adverse actions: "fail[ure] or refus[al] to hire[,]" "discharge[,]" and discrimination "with respect to compensation, terms, conditions, or privileges of employment[.]" 42 U.S.C. § 2000e-2(a)(1). An adverse employment action is a "'disadvantageous' change in an employment term or condition[,]" or, put differently, an action that imposes "some harm respecting an identifiable term or condition of employment." Muldrow v. City of St. Louis, 601 U.S. 346, 354 (2024).

[3] In Bergin, the Second Circuit left open the question of whether a failure to provide a religious accommodation is an adverse employment action sufficient to support a Title VII claim; because, there, plaintiff had been terminated—clearly an adverse employment action—the Court did not need to decide the issue. 2026 U.S. App. LEXIS 28171, at *15 n.3. The issue is presented here, however. It is a purely legal issue that is ripe for decision on a motion to dismiss, and, as set forth herein, the conclusion that Title VII does not recognize a standalone failure to accommodate claim is unavoidable in light of the statutory text of Title VII (including as compared with the ADA), the Supreme Court's decision in Abercrombie, the Second Circuit's decision in Bergin, and various other decisions and authorities. As noted above, Bergin unambiguously determined that a Title VII religious accommodation claim requires a plaintiff to demonstrate an "adverse employment decision" (2026 U.S. App. LEXIS 28171, at *3), and several courts in the Second Circuit have dismissed such claims where a plaintiff failed to allege and demonstrate any adverse employment action. See, e.g., Bowles, 285 F. App'x at 813; Kauffman, 762 F. Supp. 3d at 317; Ahmad, 2021 U.S. Dist. LEXIS 62986, at *53; Edwards, 2013 U.S. Dist. LEXIS 31083, at *15.

Claim II alleges only that Plaintiff's accommodation was denied. It does not allege any discriminatory failure or refusal to hire or discharge; it does not allege discrimination with respect to compensation, terms, conditions, or privileges of employment; and it does not allege any disadvantageous change in an employment term or condition. In short, Claim II fails because Plaintiff does not allege that he suffered any additional adverse action beyond denial of his accommodation request.

Second, Claim II also fails because the Complaint does not allege anything to suggest that Plaintiff's religion motivated any decision by Defendant. In order to state a viable claim, Plaintiff must plausibly allege he was "treat[ed] worse" based on the protected characteristic. Muldrow, 601 U.S. at 354-55. To make this showing about Defendant's denial of his accommodation request, "consistent with Abercrombie," Plaintiff must "show that the denial was 'because' of [his] religion[.]" Bergin, 2026 U.S. App. LEXIS 28171, at *13 n.2.

The Complaint is devoid of any factual allegations that Defendant took any action against Plaintiff because of his religion. Instead, Claim II alleges that "Defendant [] refuses to offer fossil-free retirement options within its 401(k) plan." Complaint ¶ 56. Nothing about this claim alleges that Defendant treated Plaintiff worse because of his religion. Indeed, Defendant's decision not to add a fossil-fuel-free retirement option to the plan is a facially neutral practice that treats all employees the same without regard to any employee's religion—that is, as alleged, Defendant's decision treats identically Plaintiff and all other employees who may believe "that investing his money in fossil fuels is morally wrong" (id. ¶ 4), regardless of whether this belief is tied to a particular religion or no religion.

Moreover, the Complaint does not identify any discriminatory remarks or a similarly situated employee of a different religion for whom Defendant modified its 401(k) plan or otherwise

treated more favorably. Indeed, the Complaint alleges a single investment menu that applied equally to all employees. It does not identify any participant—religious, nonreligious, or otherwise—who received a custom fund addition. Under these facts, Defendant's application of the same plan design to all participants is equal treatment, not disparate treatment. There are no allegations of disparate treatment between employees of different religions or between religious and non-religious employees. The allegations thus fail to give rise to a plausible inference of discrimination "because of" Plaintiff's "religion." 42 U.S.C. § 2000e-2(a)(1). In the absence of any allegations suggesting that Defendant took action against Plaintiff motivated by his religion, the disparate treatment claim must fail. See Shaw, 715 F. App'x at 61 (affirming dismissal of Title VII disparate treatment claim because plaintiff "did not plausibly allege that his religion was a motivating factor for [an adverse employment action]"); accord Doe v. Avon Old Farms Sch., Inc., No. 21 Civ. 748 (JAM), 2023 U.S. Dist. LEXIS 56152, at *42 (D. Conn. Mar. 31, 2023) (dismissing Title VII disparate treatment claim because, "with an employee benefit change that applied equally to both male and female employees, [plaintiff] cannot show either 'discriminatory intent or motive' on the part of [defendant]") (quoting Ricci v. DeStefano, 557 U.S. 557, 577 (2009)).

Accordingly, the Complaint fails to state any claim for relief under Title VII, and the claims should be dismissed with prejudice.

## POINT II

## PLAINTIFF FAILS TO STATE A CLAIM UNDER THE NYSHRL (CLAIM III)

Plaintiff's NYSHRL failure-to-accommodate claim is also meritless and should be dismissed for the same reasons as the Title VII claim: the Complaint does not allege a qualifying reasonable accommodation request or an adverse employment action.

NYSHRL religious accommodation claims are evaluated under the same framework as Title VII claims. See, e.g., Conde v. Mid Hudson Reg'l Hosp. Med. Ctr., No. 22 Civ. 3085 (VB), 2024 U.S. Dist. LEXIS 8658, at *13 (S.D.N.Y. Jan. 12, 2024) (citing Lenzi v. Systemax, Inc., 944 F.3d 97 (2d Cir. 2019)). Therefore, Plaintiff fails to state a claim under the NYSHRL for the same reasons as Claim I: (1) Plaintiff's request to change the 401(k) plan's investment menu was not an accommodation from an employment requirement that conflicted with his religious beliefs, and (2) the Complaint does not allege an adverse employment action separate and apart from the denial of the request. Thus, Plaintiff's NYSHRL claim also fails and must be dismissed.

## CONCLUSION

For these reasons, the Court should grant Defendant's motion to dismiss the Complaint in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 28th Floor
New York, NY 10017
(212) 545-4000

Dated: October 13, 2026
New York, NY

By: /s/ Leo T. Ernst, Esq.
Leo T. Ernst, Esq.
Dana G. Weisbrod, Esq.

*Attorneys for Defendant*